IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY L. CHEW,

        Plaintiff,                  No. 2:12-cv-02567 KJN[1] P

   vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

        Defendants.         <u>ORDER</u>

        Plaintiff is a California prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation ("CDCR"). Pursuant to the California Out-of-State Correctional Facility Program, plaintiff is incarcerated at the Tallahatchie County Correctional Facility ("TCCF"), in Tutwiler, Mississippi. Plaintiff asserts that TCCF is operated by the Correctional Corporation of America ("CCA"), apparently on behalf of the Mississippi Department of Corrections. Plaintiff, who proceeds without counsel or "pro se," has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

---

[1] Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes. 28 U.S.C. § 636(c); Local Rule 305(a). (<u>See</u> Dkt. No. 5.)

1

Plaintiff's claims are premised on a fall he sustained while working as a butcher in the TCCF kitchen. Plaintiff alleges that, despite lodging prior complaints, he was required to wear unsafe shoes for working on the kitchen's wet tiled floor and, as a result, suffered a slip and fall on July 27, 2010, resulting in injuries to his back and elbow.

Plaintiff names CDCR as a defendant, as the "constructive custodian" of plaintiff, and asserts that venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b)(2), "because all of the events giving rise to the claim occurred in and through the California Out-of- State [Correctional] Facility program," which is located within this district. (Dkt. No. 1 at 9).[2] In addition to naming CDCR, plaintiff names TCCF and CCA as defendants, as well as TCCF Warden Figueroa, and TCCF Kitchen Supervisor Sinnott. Plaintiff also alleges deliberate indifference to his serious medical needs, against physicians Pour, Warner and Flowers.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the only California defendant is CDCR, which is named solely in a respondeat superior capacity. All of the challenged events or omissions giving rise to plaintiff's claims occurred at TCCF, which is located in Tallahatchie County, which is within the Northern District of Mississippi. For these reasons, this action should have been filed in the United States District Court for the Northern District of Mississippi.

---

[2] References to the record reflect this court's electronic pagination, not the internal pagination of the noted documents.

2

In the interests of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of Mississippi. This court has not ruled on plaintiff's application to proceed in forma pauperis.

IT IS SO ORDERED.

DATED: November 16, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chew2567.venue